# HOUSING AND REDEVELOPMENT AUTHORITY OF CITY OF SOUTH ST. PAUL v. UNITED STOCKYARDS CORPORATION.

244 N. W. 2d 275.

July 16, 1976—No. 46082.

*Grannis & Grannis, Vance B. Grannis, Vance B. Grannis, Jr.,* and *Roger N. Knutson,* for appellant.

*Lacy & Roszak* and *Thomas R. Lacy,* for respondent.

Heard before Sheran, C. J., Rogosheske and Todd, JJ., and considered and decided by the court en banc.

SHERAN, CHIEF JUSTICE.

In 1940, appellant donated two parcels of land to the city of South St. Paul by separate quitclaim deeds, one of which stated that the land was to be used "for municipal purposes" and the other "for a public park." The total value of both parcels on the

corporate books at the time of the donation was $940 and contemporaneous corporate minutes indicate that the parcels "had a topography which made them unsuited for any commercial or residence purposes." By donating these parcels, which it recognized as having little or no commercial value, appellant avoided the burdens of ownership, including maintenance and the payment of property taxes. It appears from corporate records that the sole purpose of the limiting language in the quitclaim deeds was "to prevent any use of the property which would detract from the Catholic Church and the homes on the west side of the street."

In 1972, the Housing and Redevelopment Authority initiated legal proceedings to determine what interest, if any, had been retained by appellant and to condemn that interest so that an apartment building providing housing for the elderly could be constructed on the site. It was determined that the total value of the land taken was $78,704. Appellant does not dispute this valuation, but appeals from the determination that it had no interest in this award. We affirm.

Appellant argues that the deeds had the effect of a common law dedication, creating an easement in favor of the city with appellant retaining the underlying fee. Whatever the rule with respect to dedication, we think it is clear in this case from the form of the instruments, from evidence of intent in contemporaneous corporate records, and from the resulting avoidance of paying property taxes, that appellant intended in 1940 to convey a fee to the city. The words "for municipal purposes" and "for a public park" were merely precatory. Even if these words were intended to limit the city's interest to a defeasible or conditional fee rather than a fee simple absolute, appellant's reversionary interest would have become inoperative no later than 1970 under Minn. St. 500.20, subd. 2. That statute was enacted in 1937 and it must be presumed that appellant had knowledge thereof when executing these deeds in 1940.

While there is no evidence in the record before us to verify that

these parcels were duly accepted by resolution of two-thirds of the city council, as required by Minn. St. 465.03, the purpose of this statutory requirement is to protect the public from hasty acceptance of property under circumstances where the burdens of maintenance and the tax revenues thereafter to be lost would exceed the public benefit to be realized by ownership of the property. See, Schaeffer v. Newberry, 235 Minn. 282, 290, 50 N. W. 2d 477, 482 (1951). The lapse of over 30 years makes this statute of no effect in this case.

Affirmed.